IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADAM HENDRIX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:25-cv-00112-RAH-CWB |
| | ) [WO] |
| | ) |
| STATE FARM FIRE AND | ) |
| CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Plaintiff's *Motion to Remand* (doc. 16). The motion has been fully briefed and is ripe for review. After careful consideration, the motion is due to be DENIED.

**BACKGROUND**

This is a homeowner's insurance policy coverage dispute. Adam Hendrix held a homeowner's insurance policy with State Farm Fire and Casualty Company ("State Farm") that insured his residence in Hartford, Alabama. The policy "afforded various types of coverages including coverage for damage to dwelling, other structures, personal property, and loss of use." (Doc. 1-2 at 8.) According to the Complaint, the policy was in effect when a "storm event" damaged Hendrix's residence. (*Id.*) After the storm event, he contacted Alabama Premier Roofing Construction Company to make repairs to the roof and perform some interior painting. He also notified State Farm of his loss, submitted a proof of claim, and otherwise complied with his obligations under the policy. According to Hendrix, State Farm has refused to pay either part or all of Hendrix's claim.

Before filing this lawsuit, Hendrix's attorney sent a letter to State Farm that demanded $59,038.87 to settle his claim and to restore (roof repairs and interior painting) his residence to its pre-loss condition. (Doc. 16-1 at 2, 20–23.) The letter stated the demand would expire in fifteen business days if not accepted. State Farm did not accept the demand.

Hendrix then filed this lawsuit against State Farm for breach of contract and bad faith. In his Complaint, he sought compensatory damages, court costs, interest, and attorney's fees for breach of contract, plus damages for bad faith. His damages included, but were not limited to, "damage to the building, contents, loss of use, interest allowed by law, and reasonable attorney's fees and costs pursuant to Alabama statutes and/or other Alabama law." (Doc. 1-2 at 9–10.) The Complaint made no explicit request for punitive damages. But the Complaint did allege that the damages for the breach of contract claim were in "excess of sixty thousand dollars ($60,000.00) but less than seventy-four thousand nine hundred ninety-nine and ninety-nine cents ($74,999.99), exclusive of interest, costs and attorney's fees[.]" (*Id.* at 7.)

State Farm subsequently removed the action to this Court, arguing that diversity jurisdiction exists. In response, Hendrix moved to remand on the basis that the Complaint "explicitly limit[s] the amount in controversy to no more than $74,999.99," which falls below 28 U.S.C. § 1332's jurisdictional threshold. (Doc. 16 at 1.) State Farm opposes the remand motion.

## STANDARD OF REVIEW

Federal courts have limited jurisdiction, meaning unless Article III of the Constitution provides the jurisdictional basis, federal courts have no authority to act without a statutory grant of subject matter jurisdiction. *Univ. of S. Ala.*, 168 F.3d at 409; *see Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). And in the context of removal, whenever there are uncertainties of a federal court's exercise of

subject matter jurisdiction, remand is the appropriate course of action. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## DISCUSSION

State Farm argues that removal was proper because the parties are completely diverse and the amount in controversy exceeds $75,000.

Federal courts have original jurisdiction over "cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (cleaned up) (citing 28 U.S.C. §§ 1331, 1332(a)). Civil actions brought in state court that meet diversity jurisdiction criteria "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden to show that federal jurisdiction exists and that removal was proper. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

The parties agree that the amount in controversy is the only issue in dispute. Hendrix argues that because the Complaint "explicitly limit[s] the amount in controversy to no more than $74,999.99," the "affirmative limitation in the pleading is binding" and defeats diversity jurisdiction. (Doc. 16 at 1.) State Farm asserts that Hendrix's claimed damages limitation is insufficient to defeat diversity jurisdiction because it is not binding and because Hendrix did not plead that he would refuse to accept more than $75,000 for all of his claims. State Farm further asserts that it has shown that the jurisdictional amount is satisfied because Hendrix "(1) submitted a contractors estimate to State Farm for repairs for the damages to his roof which totaled $59,039.87, (2) seeks attorney's fees, (3) seeks additional damages for personal property and loss of use, and (4) brought a bad faith claim where punitive damages are available." (Doc. 1 at 9–10.) The Court agrees with State Farm.

3

When a complaint does not plead a specific amount of damages, removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds $75,000. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). A court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent" that the amount in controversy has been met. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). A court "need not suspend reality or shelve common sense" when determining whether the jurisdictional amount is satisfied. *Id.* (internal quotations and citation omitted) ("[I]n some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy.").

If the amount in controversy is not facially apparent from the complaint, a court may consider the notice of removal and relevant evidence of the amount in controversy *at the time of removal*. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). This evidence does not have to "banish all uncertainty." *Id.* It must show by a preponderance of the evidence that the amount in controversy is satisfied. *See Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 88 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)).

Here, it is not facially apparent from the face of the Complaint that the amount in controversy exceeds $75,000 because the Complaint does not sufficiently plead or limit the damages that Hendrix seeks. While Hendrix values his breach of contract claim at one point in the Complaint as in excess of $20,000 exclusive of interest, costs, and attorney's fees, he also states that State Farm's breach of contract caused damages in excess of $60,000 but less than $74,999. Importantly, he does not assign any specific value to his bad faith claim or to the differing assertions that Hendrix is seeking damages for his contents and loss of use of his residence as part of that

4

claim.[1]  Thus, consideration of the notice of removal and the other evidence in the record relevant to the amount in controversy is appropriate here. *See Pretka*, 608 F.3d at 754.

And that evidence shows that Hendrix is seeking at least $59,039.87 for roof repairs and painting, and additional undefined sums for damage to personal property/contents, loss of use, interest and attorney's fees[2] ($12,000 plus), all of which tend to show that the Complaint places more than $75,000 in controversy. Further, the bad faith claim and its allegations of "oppressive[], malicious[], and intentional[]" conduct, (doc. 1-2 at 9), by State Farm put punitive damages on the table even if the Complaint does not expressly include the phrase "punitive damages." *See Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered." (citation omitted)).  Thus, the Complaint's allegations lead to the reasonable inference that Hendrix's lawsuit places a much larger amount in controversy than simply the $71,039.87 for repair to his roof, interior painting, and attorney's fees.

Hendrix's arguments about his binding damages limitation and his pre-suit settlement demand letter are unpersuasive.  First, Hendrix is incorrect in his assertion that there is a binding damages limitation because the Complaint does not contain a "binding" limitation on the total amount of damages being sought.  The Complaint only states that it is a complaint "against [State Farm] for breach of [a] homeowners

---

[1] The Complaint is not the picture of clarity as it concerns the categories of damages being sought. For example, the breach-of-contract claim references damages to the building and then broadly seeks compensatory damages, costs, and attorney's fees, while the bad faith claim seeks not only damages to the building, but also damages for its contents and loss of use.

[2] In his demand letter, Hendrix's attorney represented that the amount of attorney's fees incurred at that time was approximately $12,000, thereby making the total pre-suit settlement demand to be $71,059.87.

5

insurance policy contract with damages excess of sixty thousand dollars . . . but less than seventy-four thousand nine hundred ninety-nine and ninety-nine cents . . . exclusive of interest, costs and attorney's fees." (Doc. 1-2 at 7.) That statement does not constitute a binding limitation. *See McKenzie v. Auction.com*, 644 F. Supp. 3d 994, 998 (M.D. Ala. 2022) (finding that the plaintiffs were not bound by their commitment not to *seek* more than $74,999 and could recover well in excess of that amount where they failed to plead a refusal to accept more than $75,000); *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (stating that a plaintiff "must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99[] and categorically state that [he] will never accept more. Otherwise, a plaintiff will find [himself] in a federal court"); *see also Breland v. Ford*, 693 So.2d 393, 397 (Ala. 1996) ("It is well settled that a litigant seeking general damages for personal injuries . . . may recover an amount in excess of the amount contained in the *ad damnum* clause of the complaint."). Further, the Complaint also contains a separate claim for bad faith that does not appear to be tethered to Hendrix's referenced damage-limitation statement.

Second, while a "settlement offer . . . [may] count[] for something," what it counts for depends on the circumstances. *Burns*, 31 F.3d at 1097. District courts generally assign little weight to settlement offers when assessing the amount in controversy. But settlement offers that incorporate "specific information . . . to support [the plaintiff's] claim for damages" are entitled to more weight because they suggest that the plaintiff is "offering a reasonable assessment of the value of [his] claim." *Golden Apple Mgmt. Co. v. GEAC Computs., Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998).

The Court gives little weight to Hendrix's pre-suit demand letter. While the letter does contain a detailed estimate of the cost to repair Hendrix's roof and to perform interior painting ($59,039.87 total), and a $12,000 figure for attorney's fees

6

incurred at that time, the letter is silent as to Hendrix's other categories of damages that Hendrix now seeks in the Complaint, such as damages to his contents and for loss of use. And further, that letter was largely meaningless at the time of removal since Hendrix's settlement demand had expired months before the lawsuit was filed.

All things considered, the Court is satisfied that subject matter jurisdiction exists.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

1) The Motion to Remand (doc. 16) is **DENIED**; and

2) The above-styled action is **REFERRED** to the Magistrate Judge pursuant to 28 U.S.C. § 636 for further proceedings and determination or recommendation as may be appropriate.

**DONE** and **ORDERED** on this the 6th day of June 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE